IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:10CR341-2 |
| ) | |
| MICHELLE JUDGE MCLAIN, ) | |
| ) | |
|       Defendant ) | |
| and ) | |
| ) | |
| BELK, INC., ) | |
|       Garnishee ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant's Request for a Hearing (Docket Entry 54) related to a garnishment proceeding.

### Procedural History

On January 24, 2011, Defendant Michelle Judge McLain pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit tax fraud in violation of 18 U.S.C. § 371; one count of making false statement regarding health care benefits in violation of 18 U.S.C. §§ 1035 and 2; one count of failing to pay over to the Internal Revenue Service employee federal tax withholdings in violation of 26 U.S.C. § 7202; one count of healthcare fraud in violation of 18 U.S.C. §§ 1347(2) and 2; and one count of attempted tax evasion in violation of 26 U.S.C. § 7201. (Docket Entries 1, 16; Minute Entry 1/24/2011.) Defendant was sentenced to 24 months imprisonment and three years of supervised release and ordered to pay $1,313,800.14 in restitution and a $500.00 special assessment. (Docket Entry 36.) As of September 24, 2019, the sum of $3,429.91 had been credited to the judgment debt, leaving a

balance of $1,330,270.92, including principal in the amount of $1,310,870.23 and interest in the amount of $19,400.69. (*See* Notice to Defendant Debtor, Docket Entry 53.)

On September 25, 2019, the Government moved for a Writ of Continuing Garnishment as to Defendant's wages from her employment with Belk, Inc. (Docket Entry 51.) The Writ issued to Belk, Inc. on October 3, 2019 advised that an answer must be made within ten days after service of the Writ. (Docket Entry 52.) Service of the notice of the post-judgment garnishment on Defendant were accomplished on October 5, 2019. (Docket Entry 55.) On October 18, 2019, Defendant requested a hearing on the grounds that she is the head of her household with two children in college and another starting college in fall 2020. (Docket Entry 54.) On October 23, 2019, the Government filed a response. (Docket Entry 56.) On November 12, 2019 and January 10, 2020, Garnishee Belk, Inc. filed answers setting forth wage information for Defendant. (Docket Entries 57, 58.)

## Discussion

Orders for restitution may be enforced by the United States in the same manner as a judgment imposing a fine. 18 U.S.C. § 3664(m)(1)(A)(i). Such judgments may be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The Federal Debt Collection Procedures Act (FDCPA) allows the United States to garnish property of a debtor. 28 U.S.C. § 3205(a) ("A court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor."). The statute sets

forth the procedures to be followed in obtaining a Writ of Continuing Garnishment and there is no dispute that the Government has complied with these procedures. *See* 28 U.S.C. § 3205.

Defendant has requested a hearing. The statute provides that the judgment debtor may file objections to the answer and request a hearing. 28 U.S.C. § 3205(c)(5). Once the Writ of Continuing Garnishment has been issued, a debtor may claim exemptions but there is no specific statutory procedure for objecting to the Writ itself. 28 U.S.C. § 3205(c)(1) ("If the court determines that the requirements of this section are satisfied, the court shall issue an appropriate writ of garnishment."); 28 U.S.C. § 3205(c)(3)(B) ("The United States shall serve the . . . judgment debtor with a copy of the writ of garnishment[.] The Writ shall be accompanied by [ ] instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections.").

"Under the FDCPA, a judgment debtor may move to quash an enforcement order, like the garnishment at issue [here]. [However] the issues . . . are limited to the validity of any claim of exemption and the government's compliance with [the Act's] statutory requirements." *United States v. Pugh*, 75 Fed. App'x. 546, 547 (8th Cir. 2003); *accord*, 28 U.S.C. § 3202(d) (a hearing concerning the enforcement of a judgment by the United States is limited to circumstances where the debtor has claimed exemptions or challenged compliance with statutory requirements or the judgment has been obtained by default). "What defendants may not contest is their claimed inability to afford the amount of garnishment." *United States v. Bullock*, No. 3:03CR218, 2011 WL 486233 (W.D.N.C. Feb. 7, 2011) (citing *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008) (holding that "consideration of

3

Defendant's financial situation and/or the equities of the case are not subject to or within the purview of a garnishment hearing.")).

Here, Defendant claims no exemptions and there is no dispute that the Government complied with the procedural requirements of the statute. Defendant does not dispute the amount owed. The Government seeks to garnish Defendant's earnings as authorized by the FDCPA, *i.e.*, 25 percent of Defendant's non-exempt disposable earnings. *See* 28 U.S.C. § 3002(9). The Government in this case seeks no more from Defendant than allowed under the law. Defendant has raised no valid objection to the Writ of Garnishment. She is not, therefore, entitled to a hearing on the request for the Writ.

## Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant's motion for a hearing in this garnishment proceeding (Docket Entry 54) be **DENIED**. To the extent that Defendant's filing is construed as a request to reduce the amount of garnishment in this matter, **IT IS FURTHER RECOMMENDED** that the motion be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

February 21, 2020
Durham, North Carolina